UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
RAUL GARCIA and LUIS SAPON,
individually and on behalf of all others similarly situated,

                                         Plaintiffs,

-against-

ZYARA RESTAURANT CORP, KHALEEL KATEEB, and
"JOHN DOE" [LEGAL NAME UNKNOWN] a/k/a FERAZ,

                                           Defendants.
---------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiffs Raul Garcia and Luis Sapon (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, Zyara Restaurant Corp ("Zyara"), Khaleel Kateeb, and John Doe [Legal Name Unknown] a/k/a Feraz ("Feraz") (collectively, "Defendants"), respectfully allege as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individuals residing in the State of New York.

6. Defendant Zyara is a domestic corporation with its principal place of business located at 25-53 Steinway Street, Astoria, New York 11103.

7. Zyara is a restaurant that serves Middle Eastern cuisine.

8. Upon information and belief, at all relevant times, Zyara employed approximately fifteen (15) employees.

9. Defendant Kateeb is an individual residing, upon information and belief, in the State of New York.

10. At all relevant times, Kateeb was, and still is, an officer, director, shareholder and/or person in control of Zyara who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

11. Defendant Feraz is an individual residing, upon information and belief, in the State of New York.

12. At all relevant times, Feraz was, and still is, an officer, director, shareholder and/or person in control of Zyara who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

13. At all relevant times, Defendants were responsible for setting Plaintiffs' schedules and day-to-day activities, and for supervising their performance.

14. At all relevant times, Defendants had the power to discipline and terminate Plaintiffs.

15. At all relevant times, Defendants were responsible for compensating Plaintiffs.

16. Defendants jointly managed, supervised, hired, fired, and controlled Plaintiffs' compensation and are jointly and severally liable in this matter.

17. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiffs.

18. At all relevant times, Plaintiffs were covered employees within the meaning of the FLSA and the NYLL.

19. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

20. Defendants operate in interstate commerce.

21. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

22. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

23. The FLSA Collective Plaintiffs consist of no less than twenty (20) similarly situated current and former employees of Defendants who have been victims of Defendants' common

policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and other pay.

24. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to compensate employees at the applicable overtime rate for all time worked in excess of forty (40) hours per week.

25. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

26. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

27. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

28. Plaintiff Garcia worked for Defendants as a griller from in or around July 2018 until in or around August 2019.

29. Plaintiff Sapon worked for Defendants as a griller from in or around July 2018 until in or around March 2019.

30. As grillers, Plaintiffs' primary job duties included fulfilling customer orders, preparing and cooking food, and cleaning and maintaining the kitchen area.

31. From the start of his employment until in or around May 2019, Garcia regularly worked Wednesdays through Mondays, from approximately 12:00 p.m. to 1:00 a.m., for a total of approximately seventy-eight (78) hours per week.

32. In or around June 2019, Garcia requested to work fewer hours.

33. From in or around June 2019 until the end of his employment, Garcia regularly worked Wednesdays through Mondays, from approximately 5:00 p.m. to 1:00 a.m., for a total of approximately forty-eight (48) hours per week.

34. Throughout his employment with Defendants, Sapon regularly worked Wednesdays through Mondays, from approximately 12:00 p.m. to 1:00 a.m., for a total of approximately seventy-eight (78) hours per week.

35. Throughout their employments, Plaintiffs were not afforded meal or rest breaks during their shifts.

36. Feraz tracked the number of hours that Plaintiffs worked by writing down the time that Plaintiffs started and ended work each day, but did not use timecards or issue paystubs to Plaintiffs displaying the number of hours they worked each day or week.

37. Throughout his employment, Garcia was paid a fixed hourly wage for all hours worked, including those over forty (40) hours per week, as follows: $10.00 per hour during the first month of his employment in July 2018; $11.00 per hour from in or around August 2018 until in or around December 2018; $12.00 per hour from in or around January 2019 until in or around February 2019; $13.00 per hour from in or around March 2019 until in or around April 2019; and $14.00 per hour from in or around May 2019 until the end of his employment.

38. Throughout his employment, Sapon was paid a fixed hourly wage for all hours worked, including those over forty (40) hours per week, as follows: $10.00 per hour during the

5

first month of his employment in July 2018; $11.00 per hour from in or around August 2018 until in or around November 2018; $12.00 per hour from in or around December 2018 until in or around February 2019; and $13.00 per hour during the last month of his employment in March 2019.

39. While employed with Defendants, Plaintiffs were non-exempt employees pursuant to the FLSA and the NYLL, and were entitled to minimum wages, spread of hours pay, and overtime compensation.

40. However, Defendants failed to pay Plaintiffs at least the applicable minimum wage for all hours worked throughout their employment.

41. Furthermore, despite routinely working more than forty (40) hours per week, Plaintiffs were not paid overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for the hours they worked over forty (40) per week.

42. Plaintiffs also frequently worked shifts that spanned more than ten (10) hours per day, but were not paid spread of hours pay equal to one (1) additional hour's pay at the full minimum wage rate for every day in which their shifts spanned more than ten (10) hours.

43. Defendants also failed to furnish to Plaintiffs, at the time they were hired or at any time thereafter, a notice containing their rates of pay, the designated payday, or other information required by NYLL § 195(1).

44. Furthermore, Plaintiffs did not receive, with each wage payment, statements listing their regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

45. Defendants violated federal and state law by willfully failing to pay Plaintiffs and similarly situated employees the statutory minimum wages, overtime compensation, and spread of

hours wages owed to them, and by failing to provide Plaintiffs with statutory payroll notices and wage statements.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(Overtime Violations Under the FLSA)

46. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

47. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

48. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

49. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

50. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

51. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to damages equal to 100% of their unpaid overtime wages ("liquidated damages").

52. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
(Minimum Wage Violations Under the NYLL)

53. Plaintiffs repeat and reallege all prior allegations set forth above.

54. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to be paid at least the statutory minimum wage for all of the hours they worked.

55. Throughout Plaintiffs' employment, Defendants knowingly failed to pay Plaintiffs the statutory minimum wages for the hours they worked.

56. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required minimum wages, Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

57. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

58. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
(Overtime Violations Under the NYLL)

59. Plaintiffs repeat and reallege all prior allegations set forth above.

60. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to overtime compensation equal to one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

61. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

62. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

63. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

64. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

65. Judgment should be entered in favor of Plaintiffs and against Defendants on the Third Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
(Failure to Timely Pay Wages Under the NYLL)

66. Plaintiffs repeat and reallege all prior allegations.

67. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

68. During the relevant period, Defendants routinely failed to pay Plaintiffs all of their earned wages in accordance with the agreed-upon terms of employment.

69. During the relevant period, Defendants failed to timely pay Plaintiffs all of their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

70. Throughout the relevant period, Defendants failed to pay Plaintiffs all minimum wages, overtime wages, and spread of hours wages earned by Plaintiffs, in violation of NYLL § 191(1)(a)(i).

71. As a result of Defendants' violations of the law and failure to pay Plaintiffs in accordance with NYLL § 191(1)(a)(i), Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

72. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

73. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
(Spread of Hours Violations Under the NYLL)

74. Plaintiffs repeat and reallege all prior allegations.

75. Plaintiffs regularly worked shifts that spanned more than ten (10) hours per day.

76. Defendants willfully failed to pay Plaintiffs additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs' shifts spanned more than ten (10) hours.

77. By failing to pay Plaintiffs spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations including but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

78. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action in the amount of their respective unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
(Failure to Provide Payroll Notices Under the NYLL)

79. Plaintiffs repeat and reallege all prior allegations.

80. Defendants failed to furnish to Plaintiffs, at their time of hire or at any time thereafter, notices containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

81. As Defendants failed to provide Plaintiffs with payroll notices as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

82. Judgment should be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
(Failure to Provide Wage Statements Under the NYLL)

83. Plaintiffs repeat and reallege all prior allegations.

84. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

85. As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

86. Judgment should be entered in favor of Plaintiffs and against Defendants on the Seventh Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

12

b) on the Second Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorney's fees in an amount to be determined by this Court;

h) Interest;

i) Costs and disbursements; and

j) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 23, 2019

*/s/ Adam Sackowitz*
Adam Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiffs*