## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Raul Garcia ("Garcia"), Luis Sapon ("Sapon"), and Segundo Julio Salto ("Salto") (collectively, "Plaintiffs") and defendants Zyara Restaurant Corp. ("Zyara") and Feras Alzughier ("Alzughier") (collectively, "Defendants" and, together with Plaintiffs, the "Parties" or individually a "Party") hereby enter into and agree upon the terms of this Settlement Agreement and Release ("Agreement").

**WHEREAS,** Plaintiffs filed a complaint against Defendants in the United States District Court for the Eastern District of New York in an action entitled *Garcia et al. v. Zyara Restaurant Corp., et al.*, Civil Action No. 1:19-cv-07208-MKB-ST (the "Pending Action") alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS,** Defendants expressly deny any wrongdoing related to the allegations in the Pending Action, including any violations of the FLSA and NYLL;

**WHEREAS,** the Parties have agreed that it is in their mutual interest to avoid further costs of litigation and to resolve fully and finally all of the disputes asserted in the Pending Action upon the terms and conditions more fully set forth herein;

**NOW THEREFORE,** in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **No Admission of Liability**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall in any way be construed as an admission by Defendants of any liability or any act of wrongdoing whatsoever against Plaintiffs. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into to avoid the further burden, expense, delay and uncertainty of litigation.

1

2. **Dismissal of Pending Action**. The Parties agree that, upon executing the Agreement, the Parties, through their attorneys, shall execute a Stipulation and Order of Dismissal With Prejudice of the Pending Action, with each Party bearing its own fees and costs, in the form annexed hereto as **Exhibit A**. The Parties agree that Defendants' counsel will hold the Stipulation and Order of Dismissal With Prejudice in escrow and will not file the Stipulation and Order of Dismissal With Prejudice with the Court unless and until the Court issues an Order approving the Agreement in its entirety, at which time Defendants' counsel may file the Stipulation and Order of Dismissal With Prejudice with the United States District Court, Eastern District of New York, without further notice.

3. **Consideration**. Upon the full execution of this Agreement and the Stipulation of Discontinuance with Prejudice (in the form annexed hereto as **Exhibit A**), Defendants agree to pay Plaintiffs the total sum of Seventy Thousand Dollars and Zero Cents ($70,000.00) (the "Settlement Payment").

    a. Defendants shall make an initial payment to Plaintiffs in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) on or before January 4, 2021 (the "Initial Payment").

    b. After making the Initial Payment, Defendants shall pay Plaintiffs the remaining balance of Sixty Thousand Dollars and Zero Cents ($60,000.00) in nine (9) monthly installments as detailed in the payment scheduled annexed hereto as **Exhibit B**, with the first installment due on or before February 1, 2021 and the remaining installments due on or before the first day of each month from March 1, 2021 through October 1, 2021.

    c. The Settlement Payment shall be allocated to Plaintiffs and their counsel as

follows:

   i. To Garcia:

      1. Two Thousand Seven Hundred Ten Dollars and Zero Cents ($2,710.00), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

      2. Twelve Thousand Seven Hundred Ten Dollars and Zero Cents ($12,710.00), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages.

   ii. To Sapon:

      1. Two Thousand Seven Hundred Ten Dollars and Zero Cents ($2,710.00), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

      2. Twelve Thousand Seven Hundred Ten Dollars and Zero Cents ($12,710.00), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages.

   iii. To Salto:

      1. Two Thousand Seven Hundred Ten Dollars and Zero Cents ($2,710.00), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

      2. Twelve Thousand Seven Hundred Ten Dollars and Zero Cents ($12,710.00), from which no withholdings shall be taken, which

        shall be reported on an IRS Form 1099 as and for liquidated damages.

    iv. To Katz Melinger PLLC, Six Hundred Ten Dollars and Zero Cents ($610.00) as and for reimbursement of costs and expenses and Twenty Three Thousand One Hundred Thirty Dollars and Zero Cents ($23,130.00) as and for attorneys' fees, for a total of Twenty Three Thousand Seven Hundred Forty Dollars and Zero Cents ($23,740.00), from which no withholdings shall be taken and which shall be reported on an IRS Form 1099.

  d. No payments under this Paragraph 3 shall be payable to Plaintiffs before the date on which the Court issues an Order approving the Parties' Settlement Agreement. In the event that any portion of the Settlement Payment becomes due before the Court issues an Order approving the Parties' Settlement Agreement, Defendants or their counsel shall hold said payment in escrow until the Court issues an Order approving the Parties' Settlement Agreement. Within ten (10) days of the date on which the Court issues an Order approving the Parties' Settlement Agreement, Defendants shall deliver all past due payments and thereafter shall deliver all payments to that become due according to the payment schedule set forth in this Paragraph 3 and **Exhibit B**.

4. **Tax Forms**. Prior to receiving any portion of the Settlement Payment, Plaintiffs, through their counsel, shall provide Defendants' counsel with completed IRS Forms W-4 and W-9, and Plaintiffs' counsel shall also provide Defendants' counsel with a completed IRS Form W-9.

5. **Indemnification.** Plaintiffs agree to indemnify and hold Defendants harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees, which Defendants may incur as a result of Plaintiffs' failure to pay any taxes on the Settlement Payment. To the extent any payment is required by this Agreement to be paid under IRS Forms W-2 with appropriate deductions and withholdings, Plaintiffs shall bear no responsibility for or in connection with the failure of any of the Defendants to make any employers' contributions to payroll taxes related to such portions of the Settlement Payment.

6. **Delivery of Payments.** All payments under this Agreement shall be delivered by the deadlines set forth in Paragraph 3 and **Exhibit B** of this Agreement via FedEx Overnight delivery as follows:

    a. To Raul Garcia, at 8612 89th Street, Jamaica, NY 11421;

    b. To Luis Sapon, at 1543 Miller Street, Apt. 1, Worthington, MN 56187

    c. To Segundo Julio Salto, at 35-34 112th Street, 1st Floor, Corona, NY 11368; and

    d. To Katz Melinger PLLC, via eCheck using the following link: https://secure.lawpay.com/pages/katzmelinger/operating.

7. **Confessions of Judgment; Default.** Concurrently with the execution of this Agreement, Zyara and Alzughier shall each execute an affidavit of judgment by confession ("Confession of Judgment") in the forms annexed hereto as **Exhibit C**. The Parties hereby acknowledge and agree that:

    a. Defendants shall execute and deliver the Confessions of Judgment to counsel for Plaintiffs concurrently with their execution and delivery of this Agreement. Defendants expressly acknowledge and agree that Defendants' execution and

delivery of the Confessions of Judgment to counsel for Plaintiffs constitutes a material term of this Agreement, and Defendants' failure to deliver the executed Confessions of Judgment to counsel for Plaintiffs concurrently with an executed copy of this Agreement shall render this Agreement null and void.

b. The executed Confessions of Judgment will be held in escrow by Plaintiffs' counsel and will not be filed unless Defendants fail to timely pay any portion of the Settlement Payment as set forth above and in **Exhibit B** ("Default") and fail to "timely" cure such Default. For purposes of this Agreement, a cure shall be "timely" if it is made: (i) for Defendants' first Default under this Agreement, within ten (10) days of Defendants' receipt of written notice of said Default ("Notice of Default"); and (ii) for Defendants' second Default under this Agreement, within five (5) days of Defendants' receipt of a Notice of Default. Should Plaintiffs or their counsel deliver two (2) Notices of Default to Defendants, then all future payments due to Plaintiffs under this Agreement shall be deemed time of the essence and Plaintiffs shall be entitled to immediately file the Confessions of Judgment without further notice to Defendants.

c. All Notices of Default and other written demands to Defendants shall be delivered to Defendants via their counsel, Lee Jacobs, at lee@helbraunlevey.com and via USPS First Class Mail to Helbraun & Levey LLP, Attn: Lee Jacobs, 110 William Street, Suite 1410, New York, New York 10038. Delivery of any Notice of Default or written demand to Defendants' counsel by either email or regular mail shall constitute receipt of the Notice of Default or written demand by Defendants.

d. Should Plaintiffs or their counsel file any of the Confessions of Judgment in Court,

6

then: (i) Plaintiffs, or their counsel, shall promptly file a Partial Satisfaction of Judgment crediting both Zyara and Alzughier with any payments made under this Agreement; and (ii) Plaintiffs shall be entitled to recover from Defendants, in addition to the amounts confessed in the Confessions of Judgment, all costs and reasonable attorneys' fees incurred by Plaintiffs from the date of Defendants' breach of this Agreement, including any costs and reasonable attorneys' fees incurred in entering and enforcing any judgment against any of the Defendants and to enter any additional judgments against Defendants for said costs and reasonable attorneys' fees. Any payments made to Plaintiffs by either Zyara or Alzughier after the Confessions of Judgment are filed shall be credited to both Zyara and Alzughier.

8. **Plaintiffs' Release of Defendants.**

   a. Except as to any rights or claims as may be created by this Agreement between the Parties, Plaintiffs and their servants, predecessors, successors, heirs, assigns, agents, attorneys and representatives, and respective successors in interest and each and every one of them (collectively, "Releasors"), do hereby forever, fully, finally and completely remise, release and discharge Defendants and their predecessors, successors, heirs, assigns, agents, shareholders, officers, directors, employees, attorneys, and representatives and each and every one of them (collectively, "Releasees") from any and all claims, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), which Releasors have or may have against Releasees, and also covenants not to file any claim or suit alleging a violation of the FLSA and/or NYLL.

    b. Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to their released claims. Plaintiffs agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

9. **Mutual Non-Disparagement.** Plaintiffs agree that they will not make any comments that will disparage Defendants or any of Defendants' officers, partners, owners, and/or employees. Likewise, Defendants agree that Defendants and Defendants' officers and owners will not disparage Plaintiffs. For purposes of this Agreement, the term "disparage" shall mean remarks, comments, statements, or communications (written or oral) that: (i) reflect adversely on the business affairs or practices of the person being remarked or commented upon; or (ii) impugn the character, honesty, integrity, morality, business acumen, or abilities in connection with any aspect of the operation of the business or on the person being remarked or commented upon. Nothing herein shall preclude Plaintiffs from making accurate statements concerning the Pending Action and the allegations therein, or this Agreement.

    Notwithstanding the foregoing, should Plaintiffs or Defendants be served with a valid subpoena compelling either to provide testimony in connection with judicial and/or administrative proceedings, compliance with said subpoena or statements made during said testimony shall not, in and of itself, violate this Paragraph. However, in the event Plaintiffs or Defendants are served with a valid subpoena, the served party shall notify the other party's counsel as soon as practical about the existence of such subpoena.

10. **Neutral References.** Defendants agree that, in response to any reference request concerning Plaintiffs, Defendants shall only provide Plaintiffs' dates of employment and job title(s) from their employment with Defendants.

11. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, without regard to its choice of law considerations and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

12. **Severability.** Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

13. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically provided herein.

14. **Voluntary Settlement**. The Parties hereby represent and warrant that they have entered into this Agreement of their own free will and accord. The Parties further represent and warrant that they have reviewed every term of this Agreement with counsel of their choosing; that the terms of this Agreement have been translated to each Party in his or her native language, if appropriate; and that by executing this Agreement, the Parties fully

understand each term included herein and every right and obligation attributed to any Party under this Agreement.

15. **Venue**. The Parties acknowledge that this Agreement is enforceable only in the federal and state courts of New York. Plaintiffs and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Eastern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Eastern District of New York, or any other court or agency of proper jurisdiction in the State of New York.

16. **No Other Representations or Agreements**. The Parties acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

17. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

18. **Construction**. The language of this Agreement shall be in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

19. **Captions.** Any captions to paragraphs or subparagraphs of this Settlement Agreement are provided solely for the convenience of the Parties. They do not constitute and shall not be construed to constitute part of this Agreement and shall not be used as an aid in the

interpretation of the Agreement or the contracting intent of the Parties.

20. **Signatories.** Each of the terms of this Agreement is binding upon each of the signatories hereto, their respective predecessors, successors, transferees, executors, administrators, heirs and assigns.

21. **No Assignment.** Except as otherwise referenced herein, the Parties hereto represent and warrant that they have not sold, assigned or transferred any claims, in whole or in part, which are the subject of the releases contained herein.

22. **Execution In Counterparts.** This Agreement may be executed in counterparts by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Facsimile, electronic, e-signed, scanned, and photocopied signatures shall be deemed originals for purposes of this Agreement.

23. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

[SIGNATURES ON THE FOLLOWING PAGE]

Dated: January ___, 2021

_____
Raul Garcia


Dated: January ___, 2021

_____
Luis Sapon


Dated: January ___, 2021

_____
Segundo Julio Salto

Dated: ~~January~~ Feb 3, 2021

Zyara Restaurant Corp.

_____
By: Feras ALzugher
Title: President

Dated: ~~January~~ Feb 3, 2021

_____
Feras Alzughier

Dated: February  9 , 2021

_____
Raul Garcia


Dated: February ___, 2021


_____
Luis Sapon


Dated: February ___, 2021


_____
Segundo Julio Salto

Dated: February ___, 2021

Zyara Restaurant Corp.


_____
By:
Title:


Dated: February ___, 2021


_____
Feras Alzughier

Dated: February ___, 2021

_____
Raul Garcia


Dated: February 24, 2021

_____
Luis Sapon


Dated: February ___, 2021

_____
Segundo Julio Salto

Dated: February ___, 2021

Zyara Restaurant Corp.

_____
By:
Title:


Dated: February ___, 2021

_____
Feras Alzughier

Dated: February ___, 2021

_____
Raul Garcia

Dated: February ___, 2021

_____
Luis Sapon

Dated: February 10, 2021

*Segundo Julio Salto* (signature)
_____
Segundo Julio Salto

Dated: February ___, 2021

Zyara Restaurant Corp.

_____
By:
Title:

Dated: February ___, 2021

_____
Feras Alzughier

12